LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GUILLERMO MORENO FLORES,
*on behalf of himself, FLSA Collective Plaintiffs, and the*
*Class,*

                        Plaintiff,

v.

58TH BAKERY INC d/b/a ALL ABOUT FOOD,
ALIAGED DINING INC d/b/a AGED,
ALIFINE DINING INC d/b/a NANKING,
OMSAI FOODS INC. d/b/a NANKING
ROCKAWAY, TULIP NYC INC d/b/a NANKING
HILTON, ALIMADE LLC d/b/a DELI PLUS,
AKBARALI B HIMANI, and
NICHOLAS VITHOULKAS,

                        Defendants.

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

---

       Plaintiff, GUILLERMO MORENO FLORES, on behalf of himself, FLSA Collective

Plaintiffs and Class Members, by and through his undersigned attorneys, hereby files this Class

and Collective Action Complaint against Defendants 58TH BAKERY INC d/b/a ALL ABOUT

FOOD, ALIAGED DINING INC d/b/a AGED, ALIFINE DINING INC d/b/a NANKING,

OMSAI FOODS INC. d/b/a NANKING ROCKAWAY, TULIP NYC INC d/b/a NANKING

HILTON, ALIMADE LLC d/b/a DELI PLUS ("Corporate Defendants"), AKBARALI B HIMANI

and NICHOLAS VITHOULKAS ("Individual Defendants" and together with "Corporate Defendants", "Defendants") and state as follows:

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit deductions, (2) unpaid overtime premium, (3) liquidated damages, and (4) attorneys' fees and costs. Plaintiff further alleges that he is individually entitled to damages based on retaliation that he suffered in violation of the FLSA.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and other similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit deductions, (2) unpaid overtime premium, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.    Plaintiff, GUILLERMO MORENO FLORES, for all relevant time periods was a resident of Queens County, New York.

6.    Defendants own and collectively operate six restaurants: "All About Food", "Aged", "Nanking", "Nanking Rockaway" "Nanking Hilton", and "Deli Plus" (together "the Restaurants"). The Restaurants premises are located at the following addresses:

    a) All About Food - 16 East 58th Street New York, New York 10022;

    b) Aged - 107-02 70th Road Forest Hills, New York 11375;

    c) Nanking - 2056 Hillside Ave New Hyde Park, New York 11040;

    d) Nanking Rockaway - 13-407 Rockaway Blvd South Ozone Park, New York 11420;

    e) Nanking Hilton - 598 Broad Hollow Rd Melville, New York 11747;

    f) Deli Plus - 2 West 45th Street New York, New York 10036.

7. Corporate Defendant:

    a) 58TH BAKERY INC d/b/a ALL ABOUT FOOD, is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 15 Waverly Pl, New York, NY 10003, and a principal place of business located at 16 East 58th Street New York, NY 10022.

    b) ALIAGED DINING INC d/b/a AGED, is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 70-50 Austin Street LL Suite 118, Forest Hills, New York 11375, and a principal place of business located at 107-02 70th Rd, Forest Hills, NY 11375.

    c) ALIFINE DINING INC d/b/a NANKING, is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 15 Waverly Pl, New York, NY 10003. and a principal place of business located at 2056 Hillside Ave, New Hyde Park, NY 11040.

    d) OMSAI FOODS, INC d/b/a NANKING ROCKAWAY, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 134-07 Rockaway Blvd, Jamaica, NY 11420.

e)  TULIP NYC, INC d/b/a NANKING HILTON, is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 10 Polo Dr, Lower Level, Old Westbury, NY 11568 and principal place of business located at 598 Broad Hollow Rd, Melville, NY 11747.

f)  ALIMADE LLC d/b/a DELI PLUS, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 15 Waverly Pl, New York, NY 10003 and principal place of business located at 2 West 45th St New York, New York 10036.

8.  Individual Defendant:

a)  AKBARALI B HIMANI is manager and owner of all Corporate Defendants. AKBARALI B HIMANI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class.  He exercises the power to fire and hire employees, supervise and control employees work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class.  At all time, employees could complain to AKBARALI B HIMANI directly regarding any of the terms of their employment and AKBARALI B HIMANI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

b)  NICHOLAS VITHOULKAS is Chief Executive Officer of 58th Bakery Inc. NICHOLAS VITHOULKAS exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class.  He

exercises the power to fire and hire employees, supervise and control employees work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all time, employees could complain to NICHOLAS VITHOULKAS directly regarding any of the terms of their employment and NICHOLAS VITHOULKAS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

9. All About Food, Aged, Nanking, Nanking Rockaway, Nanking Hilton, and Deli Plus operate as a single integrated enterprise.

a)   The Corporate Defendants share a common management and ownership.

b)   Individual Defendant AKBARALI B HIMANI is principal, shareholder, and manager of all Corporate Defendants.

c)   Individual Defendants AKBARALI B HIMANI and NICHOLAS VITHOULKAS are both principals and shareholders of 58th Bakery Inc d/b/a All About Food and collectively manage the restaurant.

d)   Corporate Defendants have the common business purpose of operating deli styled restaurants in New York and share similar look and feel.

e)   Non-exempt employees of Corporate Defendants are fully interchangeable. During Plaintiff's employment by Defendants, Defendants frequently transferred employees, including Plaintiff, between the Restaurants on an as-needed basis. Defendants also directed employees, including Plaintiff, to transport goods and supplies from any restaurant location to other as needed.

10. At all relevant times, each of the Corporate Defendants has been and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and the Class was directly essential to the business operated by Defendants.

12. Plaintiff primarily worked at All About Food.  However, on a frequent basis, Plaintiff was directed by Defendants, or by managers conveying instructions of Defendants to take shifts and to deliver goods and supplies from All About Food to Deli Plus.  Plaintiff knows based on his personal observations and conversations with other non-exempt employees, that the Restaurants share identical illegal wage and hour policies.  All of Defendants' Restaurants are thus properly named in this Class and Collective Action Complaint on the basis of the Restaurants outstanding liability to the Class members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to, all cashiers, dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, and delivery persons, employed by Defendants  at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage, invalid tip credit deductions, and proper overtime premium at the

6

rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. Furthermore, a subclass of all FLSA Collective Plaintiffs who were tipped employees (including waiters, servers, busboys, bartenders, barbacks, and delivery persons) also suffered as a result of Defendants' failure to pay them proper minimum wage due to an unlawful tip credit. Defendants were not entitled to deduct any tip credits from the wages earned by the Tipped Subclass, because they failed to satisfy all FLSA requirements for taking a tip credit. Specifically, Defendants (i) failed to provide proper notice to the Tipped Subclass that a tip credit was being claimed, and (ii) required Plaintiff and Tipped Subclass Members to spend at least two (2) hours of each shift engaged in non-tipped activities. Plaintiff was member of both the FLSA Collective and the Tipped Subclass.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

17. Plaintiff further brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including all cashiers, dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred herein as "the Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. The Class further includes a subclass of tipped employees comprised of waiters, servers, bussers, bartenders, barbacks, delivery persons, and busboys ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of the Class and the Tipped Subclass.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to Defendant's corporate practices of (i) failing to pay the proper minimum wages, (ii) failing to pay the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek (iii) failing to pay spread-of-hours premium for shifts exceeding ten (10) hours in duration, (iv) failing to provide wage and hour notices in compliance with the requirements of the NYLL, and (v) failing to provide wage statements in compliance with the requirements of the NYLL.  Defendants' corporate-wide policies and practices affected all Class members similarly,

and Defendants benefited from the same type of unfair and/or wrongful act as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Further, Plaintiff and Tipped Subclass Members additionally suffered as a result of Defendants' failure to pay them the proper minimum wage and Defendants' unlawful misappropriation of the tips that they earned. Plaintiff and the Tipped Subclass members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL. The tip credit violated the NYLL, Defendants (i) failed to provide adequate notice that a tip credit was being claimed, (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiff and Tipped Subclass members, and (iii) required Plaintiff and Tipped Subclass members to spend two (2) hours, or twenty percent (20%) of each shift engaged in non-tipped activities.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class Members which predominate over any questions affecting only individual class members, including:

    a)  Whether Defendants employed Plaintiff and the Class Members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class Members of their hourly rates and overtime rates;

e) Whether Defendants properly compensated Plaintiff and the Class Members at or above the proper minimum wage under the NYLL;

f) Whether Defendants properly compensated Plaintiff and Class Members the proper overtime compensation under the NYLL;

g) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

h) Whether Defendants required Plaintiff and Tipped Subclass Members to perform non-tipped work for more than two (2) hours, or twenty percent (20%) of each shift;

i) Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

j) Whether Defendants properly compensated Plaintiff and Class Members the spread-of-hours premium under the NYLL;

k) Whether Defendants provided wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL;

l)   Whether Defendants provided to Plaintiff and Class Members proper wage and hour notices, at date of hiring and annually, as per requirements of the New York Labor Law; and

m)  Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class Members, and whether those wage statements properly stated Plaintiff's wage and overtime compensation in accordance with the NYLL.

## STATEMENT OF FACTS

27. Plaintiff GUILLERMO MORENO FLORES was hired by Defendants' ALL ABOUT FOOD as a delivery person in or around January 2008 to August 2018.

28. Plaintiff's approximate working hours during his employment by Defendants were as follows:

a)   From January 2008 to December 2014, Plaintiff worked from 8:00 AM to 6:00 PM, 6 days per week, for a total of sixty (60) hours per week.

b)   From January 2015 to August 2018 Plaintiff was scheduled to work from 8:00 AM to 4:00 PM with itinerant workweeks, as he had to work one week for five (5) days, next week six (6) days, interleaved, making a total of twenty-six (26) weeks working forty (40) hours and twenty-six (26) weeks working forty-eight (48) hours per week, per year.

29. While employed by defendants, Plaintiff was compensated in different ways.

a)   Even though Plaintiff was a non-exempt employee, he was compensated with a fixed salary of $250, since the beginning of his employment to December 2014. Divided by 60 hours (the approximate number of hours Plaintiff worked each week

from January 2008 to December 2014), this period averaged out to approximately $4.16 per hour.

b)   After January 2015 Plaintiff was paid $5.65 per hour, amount that increased gradually until January 2018, $10.85 per worked hour. This amount was maintained until his last day of employment on August 2018.

c)   Plaintiff's entire fixed weekly salary and hourly wages were always paid in cash.

d)   Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants fixed weekly rates and hourly wages in cash only.

e)   Like Plaintiff, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed weekly rates which resulted in a regular rate below the prevailing minimum wage.

30. Nevertheless, Plaintiff was hired as a delivery person and his payment was supposed to be subject to tip credit, but he was doing for more than 20% of his working time non-tipped activities, such as sweeping and mopping the restaurant, accepting and unloading incoming deliveries, porter work, taking out garbage, washing dishes, cleaning the kitchen, and delivering food between restaurants. These tasks were improperly remunerated as tipped work.

31. Before January 2015, Defendants never paid Plaintiff overtime premium for weeks that he worked in excess of forty (40) hours, as required under the FLSA and NYLL. There was never any agreement that the fixed weekly salary that Defendants paid Plaintiff covered the overtime hours in excess of forty (40) that Plaintiff worked each week. Similarly, FLSA Collective Plaintiffs and Class Members never received any overtime premium for the hours in excess of forty (40) that they worked each workweek.

32. While employed by Defendants, Plaintiff was compensated at rates that, on average, fell below both the federal and New York State minimum wage rates.  Similarly, other FLSA Collective Members and Class Members were compensated by Defendants at hourly rates averaging below the prevailing federal and state minimum wages.

33. During a period in his employment, Plaintiff regularly worked shifts exceeding ten (10) hours in duration.  However, he never received any spread of hours premium for working such shifts, as required under the NYLL.  Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium

34. During his employment by Defendants, Plaintiff never received a proper wage and hour notice upon hiring or upon changes in the information on the notice, as required under the NYLL. In fact, Plaintiff was never provided with any wage and hour notices by Defendants. Similarly, Class Members never received proper wage and hour notices upon hiring or upon changes in the information on the notice.

35. During his employment by Defendants, Plaintiff never received a proper wage statement. In fact, Defendants never provided Plaintiff with any wage statements during his employment.  Similarly, Class Members never received proper wage statements.

36. To the extent that Plaintiff and other tipped employees, including Tipped Subclass Members, were paid below the state and federal minimum wages pursuant to a "tip credit", such tip credit was invalid, on account of Defendants' failure to meet federal and state requirements to take a tip credit.

37. Plaintiff and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation. They were never informed that Defendants were claiming a tip credit allowance, and never received any notice of the amount of

tip credit allowance taken for each payment period during their employment, or of the hourly rate of tip credit deduction (in writing or otherwise).

38. During his employment by Defendants, Plaintiff never received a proper wage statement. In fact, Defendants never provided Plaintiff with any wage statements during his employment. Similarly, Class Members never received proper wage statements.

39. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members the federal and the state minimum wage rate.

40. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for all hours they worked over forty (40) in a workweek.

41. Defendants unlawfully failed to pay Plaintiff and Class Members spread of hours premium for working shifts exceeding ten (10) hours in duration, as required under the NYLL.

42. Defendants unlawfully failed to provide Plaintiff and Class Members with wage and hour notices upon hiring, as required under the NYLL.

43. Defendants unlawfully failed to provide Plaintiff and Class Members with wage statements for each pay period, as required under the NYLL.

44. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

45. Plaintiff realleges and reavers Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.00.

49. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

50. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

51. At all relevant times, Defendants had a policy and practice of time shaving and refusing to pay Plaintiff and FLSA Collective Plaintiffs for all their compensation earned due to off-the-clock work.

52. At all relevant times, Defendants failed in accommodate a record of worked hours and providing Plaintiff and FLSA Collective Plaintiffs with exact worked hours, generating time shaving and off-the-clock work.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in possession and custody of Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. At all relevant times, Defendants disregarded the regulations about spread of hours premium.

55. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

56. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

57. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage, overtime wages, and time shaving plus an equal amount as liquidated damages.

59. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

60. Plaintiff realleges and reavers Paragraphs 1 through 59 of this class and collective action Complaint as if fully set forth herein.

61. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

62. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay minimum wage.

63. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek

64. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

65. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them spread of hours premium for working shifts in excess of ten (10) hours in duration.

66. Defendants willfully violated Plaintiff's rights by operating their business with a policy and practice of time shaving and refusing to pay Plaintiff for all their compensation earned due to off-the-clock work.

67. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice at the date of hiring and annually thereafter, to Plaintiff and all other non-exempt employees, in violation of the New York Labor Law.

68. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage and hour notice, at the date of hiring and annually thereafter, to Plaintiff and all other non-exempt employees, in violation of the New York Labor Law.

69. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

70. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime, unpaid spread of hours, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e) An award of unpaid spread-of-hours premium due under the New York Labor Law;

f)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, off-the-clock work and minimum wages pursuant to 29 U.S.C. § 216;

g)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, off-the-clock work and spread-of-hours premium pursuant to the New York Labor Law;

h)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages or overtime compensation for all hours worked over 40 per workweek, pursuant to FLSA.

i)   An award of statutory penalties as a result of Defendants' willful failure to comply with New York Labor Law wage notice and wage statement requirements;

j)   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k)   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l)   Designation of this action as a class action pursuant to F.R.C.P. 23;

m)   Designation of Plaintiff as Representative of the Class; and

n)   Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: October 22, 2020



Respectfully submitted,

LEE LITIGATION GROUP, PLLC
CK Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eight Floor
New York, New York 10011
Tel.: (212) 465-1124
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*



By: _/s/ C.K. Lee_____
C.K. Lee, Esq. (CL 4086)